1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   VERONICA ELENA ROSALES
6

7

FILED

2011 AUG -2  P 2: 50

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

ADR

8            IN THE UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    SAN JOSE DIVISION
10
   VERONICA ELENA ROSALES,                    Case No. CV 11-03805 HRL
11
                           Plaintiff,         COMPLAINT
12
          v.                                  DEMAND FOR JURY TRIAL
13
   ABC LEGAL SERVICES, INC., a Washington     15 United States Code § 1692 et seq.
14 corporation; MICHELLE J. PEMBLETON,        California Civil Code § 1788 et seq.
   individually and in her official capacity; and   California Bus. and Prof. Code § 17200
15 DOES 1 through 10, inclusive,
16
                           Defendants.
17

18      Plaintiff, VERONICA ELENA ROSALES, based on information and belief and investigation of

19 counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are

20 alleged on personal knowledge), hereby makes the following allegations:

21                          **INTRODUCTION**

22      1.   The Defendants in this case are process servers who have engaged in the

23 ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a

24 ─────────────────────────────────────────────────

25 [1] *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice
   which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on
26 installment payment contracts for personal property permitting repossession and garnishment, providing
   a fertile field for the fleecing of the poor and the disadvantaged.").
27 [2] *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982)
   ("'[S]ewer service' constitutes shoddy practice.  It delays the process of justice and must be
28 discouraged.  This court has discretion to do just that.").

1    fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default

2    judgment can be entered against her.[3]

3
         In jurisdictions where process need not be served by a public official, the bulk of the
4        business of serving process gravitates into the hands of professional process servers.
         Some of these process servers once followed a practice of disposing of process given
5        them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had
         duly served it.[4]
6

7        2.    This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et*

8    *seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil

9    Code § 1788 *et seq.* (hereinafter "RFDCPA")  for actual damages, statutory damages, attorney fees and

10   costs brought by an individual consumer against process servers who engage in "sewer service."

11
         3.    While faithful process servers are exempted from the definition of "debt collector"
12
     under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process
13
     server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or
14
     harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]
15

16       4.    Therefore, the Defendants in this case – process servers that failed to serve court

17   process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed

18   from the FDCPA's process server exemption.[7]

19

20   / / /

21

22   _____

     [3]  *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350, *2 (N.D. Ill. Feb. 1, 2011).
23   [4]  *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1
     Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).
24   [5]  15 U.S.C. § 1692a(6)(d); *See generally*, *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS
     137461, 17 (S.D.N.Y. Dec. 29, 2010), *citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir.
25   1998) ("Thus, process servers whose involvement is merely 'limited to serving the [debt collection]
     communication on the consumer – in effect, to being messengers' – are exempt.").
26   [6]  *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, *18 (S.D.N.Y. Dec. 29, 2010),
     *citing Flamm v. Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, at *5 (E.D.
27   Pa. Nov. 6, 2002).
     [7]  *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, 18 (S.D.N.Y. Dec. 29, 2010);
28   *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

**JURISDICTION**

5.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**VENUE**

7.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

8.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

**PARTIES**

9.    Plaintiff, VERONICA ELENA ROSALES (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10.    Defendant, ABC LEGAL SERVICES, INC. (hereinafter "ABC LEGAL"), is a Washington corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection.  ABC LEGAL's principal place of

business is located at: 633 Yesler Way, Seattle, Washington 98104. ABC LEGAL may be served at the address of its Agent for Service of Process at: ABC Legal Services, Inc., c/o Deann Rippy, Agent for Service of Process, 501 - 12th Street, Sacramento, California 95814. Plaintiff is informed, believes and thereon alleges, that ABC LEGAL is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360. Plaintiff is informed, believes and thereon alleges, that ABC LEGAL has not filed or maintained a verified certificate of registration as a process server with the county clerk of the county in which ABC LEGAL has its principal place of business, as required by Cal. Bus. & Prof. Code § 22350. ABC LEGAL is regularly engaged in the business of indirectly collecting consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. ABC LEGAL regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. ABC LEGAL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). ABC LEGAL is not subject to the exception of 15 U.S.C. § 1692a(6)(D). ABC LEGAL is vicariously liable to Plaintiff for the acts of PEMBLETON.[8]

    11.   Defendant, MICHELLE J. PEMBLETON (hereinafter "PEMBLETON"), is a natural person and is or was an employee and/or agent of ABC LEGAL at all relevant times. PEMBLETON is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection. Plaintiff is informed, believes and thereon

---

[8] Cal. Bus. & Prof. Code § 22356. ("A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant."), *See also, Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000) ("an entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf."); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994); *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

- 4 -
COMPLAINT

1   alleges, that PEMBLETON is an individual subject to the registration and other provisions found in

2   Cal. Bus. & Prof. Code §§ 22350-22360.  PEMBLETON may be served at her current business address:

3   Michelle J. Pembleton, ABC Legal Services, Inc., 304 - 12th Street, Suite 4A, Oakland, California

4
    94607, and at her current residence address: Michelle J. Pembleton, 131 South Mathilda Avenue, Apt.
5
6   A, Sunnyvale, California 94086.  PEMBLETON is regularly engaged in the business of indirectly

7   collecting consumer debts by assisting the other debt collectors file and maintain civil debt collection

8   lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and

9
    internet.  PEMBLETON regularly collects, directly or indirectly, consumer debts alleged to be due to
10
11  another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.  PEMBLETON is a "debt

12  collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  PEMBLETON

13  cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

14       12.   The true names and capacities, whether individual, corporate, associate or

15  otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at

16
    this time, and Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff is informed,
17
18  believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1

19  through 10, inclusive, are natural persons, limited liability companies, corporations or business entities

20  of unknown form that have or are doing business in the state of California.  Plaintiff will seek leave of

21  the Court to replace the fictitious names of these Doe Defendants with their true names when they are

22
    discovered by Plaintiff.
23
24       13.   At all relevant times alleged in this Complaint, Defendants, and each of them,

25  were regularly engaged in the business of collecting consumer debts throughout the state of California,

26  including Santa Clara County, by assisting the other debt collectors file and maintain civil debt

27  collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone

28

and internet.

14.     Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

16.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

17.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

18.     Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they

1    were acting within the actual or ostensible scope of their authority.

2          19.    At all relevant times alleged in this Complaint, each Defendant has committed the

3    acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to

4    commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make,

5    the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this

6    Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually

7    and jointly with the other Defendants.

9                                    **JOINT VENTURE**

10          20.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

11   in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry

12   out a single business undertaking and agreed to share the control, profits and losses.

14          21.    Specifically, Plaintiff is informed, believes and thereon alleges, that:

15          a.    ABC LEGAL is a Washington corporation engaged in the businesses of

16   manufacturing and selling process server returns and other debt collection related activities in

17   the State of California.  Through the use of the U.S. Mail, telephone and the internet, ABC

18   LEGAL advertises and markets process service and other legal support services to attorneys,

19   law firms, debt collectors, government agencies and the general public.  ABC LEGAL provides

20   the telephones, facsimile machines, computers, software and other equipment, support staff and

21   facilities used by PEMBLETON and the enterprise for their process server return manufacturing

22   activities.  ABC LEGAL composes the process server returns sold by the enterprise using its

23   own computer systems and the data which is input into its computer systems via its website

24   (www.abclegal.com) by its customers, like the Law Offices of Kenosian & Miele, LLP, and its

25   process server agents, like PEMBLETON.  ABC LEGAL also acts as the public face for the

enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services. ABC LEGAL provided PEMBLETON and the enterprise with its address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell the Proof of Service of Summons to the Law Offices of Kenosian & Miele, LLP, for use in the state court lawsuit against Plaintiff. ABC LEGAL provides advertising, marketing, address and its support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities. Notwithstanding its use of ABC LEGAL's address and telephone number on the process server returns manufactured and sold by the enterprise, ABC LEGAL will not accept service of process for PEMBLETON or any of its other process server agents, thereby acting as a litigation shield should one of its process server agents be sued for their unlawful activities.

b.     PEMBLETON is an individual and a registered process server in Los Angeles County. PEMBLETON lent her name, facsimile signature and the legitimacy of her process server registration number to the enterprise for use on the Proof of Service of Summons that was manufactured and sold to the Law Offices of Kenosian & Miele, LLP, and used in the state court lawsuit against Plaintiff. Without PEMBLETON and other registered process servers and the facial legitimacy of their registration numbers, ABC LEGAL could not market and sell process server returns like the Proof of Service of Summons that was manufactured and sold to the Law Offices of Kenosian & Miele, LLP, for use in the state court case against Plaintiff. PEMBLETON and other registered process servers provide the facial legitimacy of their process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.

22.    Plaintiff is informed, believes and thereon alleges, that process server services are an integral part of ABC LEGAL's business and that ABC LEGAL could not offer such services without its process server agents, like PEMBLETON.

## AIDING AND ABETTING

23.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC LEGAL aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by PEMBLETON.

24.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL marketed its Proof of Service of Summons product to law firms, debt collectors, government agencies and the general public, including the Law Office of Kenosian & Miele, LLP, as a legitimate and lawful service. Plaintiff is informed, believes and thereon alleges, that ABC LEGAL represented or implied in its advertising, marketing and other materials that ABC LEGAL would ensure that the official court process entrusted to it would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

25.    Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, ABC LEGAL enlisted PEMBLETON and other registered process server agents to manufacture process server returns – like the Proof of Service of Summons that was sold to the Law Office of Kenosian & Miele, LLP, and used in the state court lawsuit against the Plaintiff in this case.

26.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL willingly, knowingly and intentionally fails to place its name and process server registration number (if it has one) on the process server returns manufactured by PEMBLETON and other process servers with the intent to misrepresent the true nature of the services being provided by ABC LEGAL and its process servers –

like PEMBLETON – and the joint responsibility of ABC LEGAL and PEMBLETON, pursuant to Cal. Bus. & Prof. Code § 22356. Moreover, Plaintiff is informed, believes and thereon alleges, that ABC LEGAL willingly, knowingly and intentionally withheld its name and process server registration number 9if it has one) from the <u>Proof of Service of Summons</u> that was sold to the Law Offices of Kenosian & Miele, LLP, and used in the state court lawsuit against the Plaintiff in this case (a violation of Cal. Bus. & Prof. Code § 22356.5(a)) with the intent to deceive the Plaintiff, the Law Office of Kenosian & Miele, LLP, and the Superior Court of California. By providing registered process servers, like PEMBLETON, with its business address and telephone number for use on the process server returns that the enterprise manufactures and sells, like the <u>Proof of Service of Summons</u> that was sold to the Law Offices of Kenosian & Miele, LLP, and used in the state court lawsuit against the Plaintiff in this case, and by intentionally withholding its name and process server registration number (if it has one), ABC LEGAL aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by PEMBLETON against the Plaintiff.

27.   Plaintiff is informed, believes and thereon alleges, that ABC LEGAL authorized, uses, and ratified the use of its address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like PEMBLETON, from service of process should they be sued for their unlawful activities. Notwithstanding its use of ABC LEGAL's address and telephone number on the process server returns manufactured and sold by the enterprise, ABC LEGAL will not accept service of process for PEMBLETON or any of its other process server agents when service of process is attempted at the address provided on their <u>Proof of Service of Summons</u> documents.

28.   Plaintiff is informed, believes and thereon alleges, that ABC LEGAL maintains digital facsimile signatures of its process server agents, including PEMBLETON, within its computer

systems. ABC LEGAL uses these digital facsimile signatures in its process server return manufacturing activities. By its use of digital facsimile signatures, ABC LEGAL is able to efficiently manufacture process server returns which facially appear to have been "signed" by its process server agents, but which were never actually signed under penalty of perjury as required by California law. Plaintiff is informed, believes and thereon alleges, that ABC LEGAL places the legend "BY FAX" on its Proof of Service of Summons documents with the intent to purposefully evade the document signing requirements imposed under California law for such documents.[9]

29.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC LEGAL knew that fraud, perjury, breach of official duty and other wrongful acts were being committed by PEMBLETON against the Plaintiff and others. In fact, ABC LEGAL gave substantial assistance and encouragement to PEMBLETON by producing fully completed Proof of Service of Summons documents which contain PEMBLETON's facsimile signature and ABC LEGAL's address and telephone number instead of PEMBLETON's address and telephone number. Plaintiff is informed, believes and thereon alleges, that neither PEMBLETON or any of ABC LEGAL's other process server agents actually sign the completed Proof of Service of Summons documents sold by ABC LEGAL.

30.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC LEGAL effectively controlled its process server agents, including

---

[9] "When a document to be filed requires the signature, under penalty of perjury, of any person, the document shall be deemed to have been signed by that person if filed electronically and **if a printed form of the document has been signed by that person** prior to, or on the same day as, the date of filing. The attorney or person filing the document represents, by the act of filing, that the declarant has complied with this section. **The attorney or person filing the document shall maintain the printed form of the document bearing the original signature** and make it available for review and copying upon the request of the court or any party to the action or proceeding in which it is filed." Cal. Code of Civil Procedure § 1010.6(a)(2)(B) (emphasis added); *see also*, Cal. Rules of Court, Rule 2.305(a) ("A party who files or serves a signed document by fax under the rules in this chapter represents that the original signed document is in the party's possession or control.").

PEMBLETON, by *inter alia*:

> a.   choosing which assignments each process server agent will receive (i.e., controlling what work must be preformed by a specific individual);

> b.   requiring personal performance of the tasks assigned to its process server agents (i.e., controlling what work must be preformed by a specific individual);

> c.   forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling what work must be preformed by a specific individual);

> d.   requiring the use of GPS tracking devices for its process server agents (i.e., controlling what tools and equipment must be used to preform the assigned tasks);

> e.   requiring detailed real-time reporting to ABC LEGAL of all service attempts made by its process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports);

> f.   requiring the use of ABC LEGAL's computer systems and software for the performance of its process server agents' assigned duties (i.e., controlling what tools and equipment must be used to preform the assigned tasks and the manner in which the assigned tasks are performed); and

> g.   requiring its process server agents maintain specified minimum automobile liability insurance and $1,000,000 in professional liability insurance coverage, that ABC LEGAL be named as as additional insured in all such insurance policies and requiring immediate notification from its process server agents should said insurance policies be canceled or not renewed (i.e., controlling business practices and decisions).

> 31.   Through the use of the GPS tracking devices all ABC LEGAL process server

agents are required to carry and the real-time reporting and tracking data that these devices provide, ABC LEGAL is able to track in real-time the movements of all its process server agents.

32.    ABC LEGAL's conduct was a substantial factor in causing the harm to Plaintiff. ABC LEGAL should be held responsible as an aider and abettor for the fraud, breach of official duty and other wrongful acts committed by PEMBLETON against the Plaintiff.

<strong><u>RATIFICATION</u></strong>

33.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL is responsible for the harm caused by PEMBLETON's unlawful conduct because ABC LEGAL approved PEMBLETON's unlawful conduct after it occurred.

34.    Plaintiff is informed, believes and thereon alleges, that PEMBLETON intended to act on behalf of ABC LEGAL when she provided ABC LEGAL with a digital facsimile of her signature with the knowledge that ABC LEGAL would use her digital signature on process server returns.

35.    Plaintiff is informed, believes and thereon alleges, that PEMBLETON intended to act on behalf of ABC LEGAL when she accepted the assignment from ABC LEGAL to serve the state court process on Plaintiff.

36.    Plaintiff is informed, believes and thereon alleges, that PEMBLETON intended to act on behalf of ABC LEGAL when she subsequently failed to serve the state court process on Plaintiff that had been entrusted to her and instead provided false and fraudulent information to ABC LEGAL regarding the completion of her assignment.

37.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL learned of PEMBLETON's failure to faithfully serve the state court process that ABC LEGAL had entrusted to her after it occurred.

38.    Plaintiff is informed, believes and thereon alleges, that ABC LEGAL approved

PEMBLETON's unlawful conduct by voluntarily keeping the benefits of PEMBLETON's unlawful conduct after learning of the conduct.

39.     Plaintiff is informed, believes and thereon alleges, that ABC LEGAL approved PEMBLETON's unlawful conduct as alleged in this case by continuing to employ PEMBLETON and continuing to assign process server assignments to PEMBLETON after learning that PEMBLETON had engaged in sewer service.

40.     As a result of ABC LEGAL's ratification of PEMBLETON's unlawful conduct, ABC LEGAL is liable to Plaintiff for all damages alleged in this case.

## NONDELEGABLE DUTY

41.     California Business and Professions Code § 22356 provides as follows:

A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

42.     By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like ABC LEGAL faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

43.     Plaintiff is informed, believes and thereon alleges, that PEMBLETON was acting within the course and scope of her agency relationship with ABC LEGAL at all times alleged in this Complaint.

44.     ABC LEGAL had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it were faithfully served on Plaintiff and that its agents did not engage in sewer service.

45.     Because ABC LEGAL could not delegate to PEMBLETON its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, ABC LEGAL is liable to

Plaintiff for all damages alleged in this case.

## FACTUAL ALLEGATIONS

46.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account (hereinafter "the debt").   The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

47.     Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, sold or otherwise transferred to BH Financial Services, LLC.

48.     Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to the Law Offices of Kenosian & Miele, LLP, (hereinafter "Law Offices of Kenosian & Miele"), for collection from Plaintiff.

49.     On August 4, 2010, Kenosian & Miele filed a lawsuit against Plaintiff in the Superior Court of Santa Clara County, captioned *BH Financial Services, LLC v. Veronica E. Rosales, et al.*, and assigned Case No. 1-10-CV-178875 (hereinafter "the state court action"), in an attempt to collect the debt.

50.     Plaintiff is informed and believes, and thereon alleges that the Law Offices of Kenosian & Miele thereafter engaged ABC LEGAL to duly and faithfully serve legal process in the state court action upon Plaintiff, by delivering to Plaintiff a copy of the state court Summons and Complaint.

51.     Plaintiff is informed and believes, and thereon alleges that on or about August 11, 2010, ABC LEGAL composed a document titled Proof of Service of Summons in which Defendants

represented, under penalty of perjury, that PEMBLETON had **personally served** Plaintiff with a copy

of the Summons, Complaint, Verification, Civil Case Cover Sheet, Adr Information Packet and Civil

Lawsuit Notice in the state court action on August 10, 2010, at 8:56 p.m.  Thereafter, ABC LEGAL

caused the Proof of Service of Summons to be filed with the Clerk of the Superior Court in the state

court action on August 12, 2010.  A true and correct copy of the Proof of Service of Summons filed in

the state court action is attached hereto, marked as Exhibit "1," and by this reference is incorporated

herein.

52.     Despite the representations made by Defendants in their Proof of Service of

Summons (Exhibit "1"), Plaintiff was not served personally, or otherwise, with a copy of the Summons

and Complaint in the state court action.  The Proof of Service of Summons documents composed by

ABC LEGAL appears facially valid – indeed, ABC LEGAL's very purpose is to pass facial review –

hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service after a

default judgment has been entered, as happened in this case.

53.     Plaintiff is informed and believes, and thereon alleges that the address used on the

Proof of Service of Summons (Exhibit "1"), (i.e., 304  12th Street, Suite 4A, Oakland, CA  94607) is the

business address of ABC LEGAL and not the address of PEMBLETON as represented in the

document.

54.     Plaintiff is informed and believes, and thereon alleges that the telephone number

used on the Proof of Service of Summons (Exhibit "1"), (i.e., 510-832-0701) is the business telephone

number of ABC LEGAL and not the telephone number of PEMBLETON as represented in the

document.

55.     Plaintiff is informed and believes, and thereon alleges that the Proof of Service of

Summons (Exhibit "1") bears the facsimile signature of PEMBLETON.  Plaintiff is informed and

believes, and thereon alleges that PEMBLETON provided ABC LEGAL with her facsimile signature for use on process server returns and that ABC LEGAL used PEMBLETON's facsimile signature to produce the Proof of Service of Summons (Exhibit "1") in this case.

56.     Plaintiff is informed and believes, and thereon alleges that the Proof of Service of Summons (Exhibit "1") bears an order number (i.e., 6297662) that was issued by ABC LEGAL for use in tracking the service of process order requested by the Law Offices of Kenosian & Miele.  Plaintiff is informed and believes, and thereon alleges that ABC LEGAL also uses the order number for accounting and billing purposes.

57.     Plaintiff is informed and believes, and thereon alleges that Defendants, acting together, knowingly and willfully composed and sold the Law Offices of Kenosian & Miele the Proof of Service of Summons (Exhibit "1") containing false statements regarding their service of court process in the state court action.

58.     According to the Proof of Service of Summons (Exhibit "1"), Defendants, acting together, sold the process server return to the Law Office of Kenosian & Miele for $65.00.

59.     On October 2, 2010, two months after Defendants composed and filed their false Proof of Service of Summons (Exhibit "1") in the state court action, the Law Office of Kenosian & Miele requested and was granted a Default Judgment by the Clerk of the Superior Court based on Defendants' false process server return.

60.     Thereafter, Plaintiff discovered that a lawsuit had been filed against her and that a Judgment had been entered.  Upon learning of the state court action, Plaintiff retained legal counsel and obtained a copy of the state court's file at her own expense.  In her review of the state court file, Plaintiff first learned that Defendants had composed and filed their false Proof of Service of Summons (Exhibit "1").  Plaintiff discovered that Defendants' Proof of Service of Summons (Exhibit "1")

represented that she had been personally served with a copy of the state court Summons, Complaint, Verification, Civil Case Cover Sheet, Adr Information Packet and Civil Lawsuit Notice at: 825 San Tomas Aquino Road, #92, Campbell, California 95008 on August 10, 2010.  In fact, no one came to Plaintiff's door or attempted to serve her copies of the state court process on August 10, 2010.

61.    On or about October 27, 2010, Plaintiff's counsel sent a letter to the Law Office of Kenosian & Miele requesting a stipulation to set aside the Entry of Default and Default Judgment that had been entered against Plaintiff in the state court action based on Defendants' false <u>Proof of Service of Summons</u> (Exhibit "1").  Instead of opposing Plaintiff's request to set aside the state court Entry of Default and Default Judgment, the Law Office of Kenosian & Miele voluntary vacated the default judgment and dismissed the state court case against Plaintiff with prejudice on December 14, 2010.

### ABC LEGAL's Business Practices

62.    Plaintiff is informed and believes, and thereon alleges that ABC LEGAL composes and sells process server returns, like the <u>Proof of Service of Summons</u> (Exhibit "1") in this case, on a flat rate or fixed fee basis.  Plaintiff is informed and believes, and thereon alleges that ABC LEGAL pays its process servers using a similar flat rate or fixed fee compensation system.  Plaintiff is informed and believes, and thereon alleges that ABC LEGAL will pay PEMBLETON and other process servers only for service attempts that are reported as completed and will pay substantially less or nothing at all for service that is not reported as completed.  Because ABC LEGAL's process servers are not paid for unsuccessful service attempts, process servers like PEMBLETON have a strong financial incentive to falsify process server returns.  Plaintiff is informed and believes, and thereon alleges that ABC LEGAL knowingly promotes the use of false process server returns through its flat rate or fixed fee compensation system.

63.    Plaintiff is informed and believes, and thereon alleges that ABC LEGAL charges

1   substantially less than the published rates of many of its San Francisco Bay Area competitors for

2   process server services.  Plaintiff is informed and believes, and thereon alleges that ABC LEGAL's

3   lower market rates can only be achieved by use of a flat rate or fixed fee compensation system for its

4   process servers.  Such business practices create a rush to the bottom by forcing competitors to lower the

5   fees paid to their more scrupulous process servers or go out of business.   More false process server

6   returns from all process server agencies is the inevitable result of such anti-competitive business

7   practices.  Plaintiff is informed and believes, and thereon alleges that ABC LEGAL effectively sells

8

9   sewer service, by underbidding the true costs of proper service.

10          64.    Debt collection law firms and debt buyers plainly benefit from the sewer service

11  provided by unscrupulous process servers like the Defendants in this case.  By not serving consumer

12  debt defendants, debt collection firms like the Law Offices of Kenosian & Miele and debt buyers like

13  BH Financial Services, LLC, are able to generate hundreds of judgments by default on cases where they

14  could never prevail on the merits because they do not have evidence to make out a *prima facie* case.

15  Once default judgments are fraudulently obtained, they are used to levy consumer's bank accounts,

16  garnish their wages, seize their property, damage their credit reports, and/or pressure them into

17

18  unaffordable payment plans.

19          65.    Plaintiff is informed and believes, and thereon alleges that Defendants'

20  composition and sale of a perjured Proof of Service of Summons (Exhibit "1") violates California Code

21  of Civil Procedure § 417.10.

22

23          66.    Under California law the return of a registered process server "establishes a

24  presumption, affecting the burden of producing evidence, of the facts stated in the return."[10]  "The

25  effect of a presumption affecting the burden of producing evidence is to require the trier of fact to

26  assume the existence of the presumed fact unless and until evidence is introduced which would support

27

28  ─────────────────────
    [10] Cal. Evid. Code § 647.

a finding of its nonexistence. . ."[11]  Defendants' composition and sale of a perjured process server returns, like the <u>Proof of Service of Summons</u> (Exhibit "1") in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers.  In fact, Defendants in this case are perversely protected by and rely on the extreme procedural and evidentiary burdens that are imposed on litigants who are the victims of sewer service.  Such litigants are faced with the nearly impossible "burden of providing strong and convincing evidence of non-service."[12]  Because "a mere allegation that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service,"[13] victims of sewer service, like Plaintiff in this case, are ultimately required to prove a negative;[14] they must prove that an event never occurred and their own sworn testimony of non-service is not enough to meet their evidentiary burden.  Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

67.    Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading <u>Proof of Service of Summons</u> documents in the form of Exhibit "1" more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

**CLAIMS**

**FAIR DEBT COLLECTION PRACTICES ACT**

68.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

69.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

---

[11] Cal. Evid. Code § 604.
[12] *Collagen Nutraceuticaks, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98229, *3-4.
[13] *Id.*
[14] *Elkins v. United States*, 364 U.S. 206, 218 (1960) ("as a practical matter it is never easy to prove a negative").

1   herein.

2       70.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

3   1692a(3).

4

5       71.    Defendant, ABC LEGAL, is a "debt collector" as that term is defined by the

6   FDCPA, 15 U.S.C. § 1692a(6).

7       72.    Defendant, ABC LEGAL, is not subject to the exception of 15 U.S.C. § 1692a(6)

8   (D).

9       73.    Defendant, PEMBLETON, is a "debt collector" as that term is defined by the

10  FDCPA, 15 U.S.C. § 1692a(6).

11

12      74.    Defendant, PEMBLETON, is not subject to the exception of 15 U.S.C. § 1692a(6)

13  (D).

14      75.    The financial obligation sought to be collected from Plaintiff in the state court

15  action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

16      76.    Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10)

17  and 1692f by making false and misleading representations, and engaging in unfair and abusive

18  practices. Defendants' violations include, but are not limited to:

19

20          a.    Manufacturing and selling a fraudulent Proof of Service of Summons that

21      falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact

22      she was not;

23          b.    Manufacturing and selling fraudulent, deceptive, and misleading statements

24      and documents which are used in the collection of consumer debts;

25          c.    Knowingly and intentionally withholding their true name and process server

27      registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

28

22356.5(a), with the intent to deceive;

   d. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

   e. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

   f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

  77. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

  78. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

  79. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

  80. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

  81. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

  82. Defendant, ABC LEGAL, is a "debt collector" as that term is defined by the

1    RFDCPA, Cal. Civil Code § 1788.2(c).

2        83.    Defendant, PEMBLETON, is a "debt collector" as that term is defined by the

3    RFDCPA, Cal. Civil Code § 1788.2(c).

4        84.    The financial obligation sought to be collected from Plaintiff in the state court

5    action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

6

7        85.    Defendants violated the RFDCPA, Cal. Civil Code §§   1788.13(i), 1788.14(b),

8    1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and

9    abusive practices.  Defendants' violations include, but are not limited to:

10           a.    Manufacturing and selling a fraudulent Proof of Service of Summons that

11       falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact

12       she was not;

13

14           b.    Manufacturing and selling fraudulent, deceptive, and misleading statements

15       and documents which are used in the collection of consumer debts;

16           c.    Knowingly and intentionally withholding their true name and process server

17       registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

18       22356.5(a), with the intent to deceive;

19

20           d.    Knowingly and intentionally withholding their true name and process server

21       registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

22       22356.5(a), with the intent to misrepresent the true nature of the services being provided;

23

24           e.    Knowingly and intentionally withholding their true name and process server

25       registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

26       22356.5(a), with the intent to conceal and obscure their joint responsibility for service of

27       process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

28

f.    Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

86.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

87.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

88.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

89.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[15]

90.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[16]

91.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

92.    Plaintiff brings the third claim for relief against Defendants for their unlawful business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.*,

---

[15] 15 U.S.C.§ 1692k(a)(2)(A).
[16] 15 U.S.C.§ 1692k(a)(3).

which prohibits all unlawful business acts and/or practices.

93.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

94.     The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

95.     By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.*

96.     Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of § 17200 *et seq.* These predicate unlawful business acts and/or practices include Defendants' composition and sale of a perjured Proof of Service of Summons (Exhibit "1"), in violation of California Code of Civil Procedure § 417.10 and the intentional failure by ABC LEGAL to place its name and process server registration number (if it has one) on the process server returns that it sells, in violation of California Business and Professions Code § 22356.5(a).  Additionally, as described in more detail above, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by,

a.     Manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact she was not;

b.     Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

f.     Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

97.     Defendants' misconduct, as alleged herein, gives Defendants an unfair competitive advantage over their competitors.

98.     The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiff and other members of the general public have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

99.     As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiff has sustained actual pecuniary loss in that she was required to obtain a copy of the state court's file and pay an attorney to have the default judgment against her set aside and vacated.  Plaintiff is a direct victim of Defendants' unlawful conduct, as alleged herein, and has suffered and injury in fact and has lost money or property as a result of Defendants' unfair competition.

100.    Plaintiff is entitled to declaratory relief and a permanent injunction enjoining Defendants from their unlawful activity.

**REQUEST FOR RELIEF**

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c)   Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g)   Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[17]

h)   Enter a mandatory injunction requiring Defendants to permanently cease all unlawful practices complained of in this action and impose affirmative injunctive relief requiring Defendants, their partners, agents, employees and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (i) that no process server returns contain false information, (ii) that all Defendants' process server returns comply fully with Cal. Bus. & Prof. Code §

---

[17] 15 U.S.C. § 1692k(a)(2)(A).

22356.5(a), (iii) that a monitoring system for process servers be implemented and maintained, (iv) training and testing all of Defendants' employees and agents regarding applicable service of process laws, (v) a reporting system be made available to Defendants' customers for reporting suspected service of process irregularities, and (vi) the institution of a disciplinary system that will investigate and immediately discipline, up to and including termination, any employee or agent that has been found to engage in sewer service;

i)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[18] and 1788.30(c); and

j)  Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
VERONICA ELENA ROSALES

---

[18] 15 U.S.C. § 1692k(a)(3).

1

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

3

parties, there is no such interest to report.

4

/s/ Fred W. Schwinn

5

Fred W. Schwinn, Esq.

6

7

## DEMAND FOR JURY TRIAL

8

PLEASE TAKE NOTICE that Plaintiff, VERONICA ELENA ROSALES, hereby demands a

9

trial by jury of all triable issues of fact in the above-captioned case.

10

11

/s/ Fred W. Schwinn

12

Fred W. Schwinn, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Kenneth J. Miele SBN 165730
Law Offices of Kenosian & Miele, LLP
8581 Santa Monica Blvd. #17
Los Angeles, CA 90069

TELEPHONE NO.:                    FAX NO. *(Optional)*:
EMAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:   BH FINANCIAL SERVICES, LLC

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:   191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE:   San Jose 95113
BRANCH NAME:   Downtown Superior Court

| PLAINTIFF/PETITIONER:  BH FINANCIAL SERVICES, LLC | CASE NUMBER:<br>110CV178875 |
| --- | --- |
| DEFENDANT/RESPONDENT:  ROSALES | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>72930 |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents)*:
   Summons; Complaint; Verification; Civil Case Cover Sheet; Adr Information Packet; Civil Lawsuit Notice

3. a. Party served *(specify name of party as shown on documents served)*:
   VERONICA E ROSALES

   b. [   ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a )*:

4. Address where the party was served:
   825 SAN TOMAS AQUINO Road #92, CAMPBELL, CA 95008

5. I served the party *(check proper box)*
   a. [ X ] **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: 8/10/2010  (2) at *(time)*: 8:56 PM

   b. [   ] **by substituted service.** On *(date)*:        (2) at *(time)*:        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [   ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:        from *(city)*:        or [   ] a declaration of mailing is attached.

   (5) [   ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2
Code of Civil Procedure, § 417.10

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Order No. 6297662 SEA FIL





EXHIBIT
1

| PLAINTIFF/PETITIONER: BH FINANCIAL SERVICES, LLC | NUMBER: 110CV178875 |
|---|---|
| DEFENDANT/RESPONDENT: ROSALES | |

c. [   ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*    (2) from *(city):*

    (3) [   ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30)

    (4) [   ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [   ] **by other means** *(specify means of service and authorizing code section):*

    [   ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. [ X ] as an individual defendant.

    b. [   ] as the person sued under the fictitious name of *(specify):*

    c. [   ] as occupant

    d. [   ] On behalf of *(specify):*
        under the following Code of Civil Procedure section:

| | |
|---|---|
| [   ] 416.10 (corporation) | [   ] 415.95 (business organization, form unknown) |
| [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
| [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
| [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
| [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
| | [   ] other |

7. **Person who served papers**

    a. Name: **Michelle Pembleton**

    b. Address: **304 12th St, Suite 4A, Oakland, CA 94607**

    c. Telephone number: **510-832-0701**

    d. The fee for service was: **$65.00**

    e. I am:

        (1) [   ] not a registered California process server.

        (2) [   ] exempt from registration under Business and Professions Code section 22350(b).

        (3) [ X ] registered California process server:

            (i) [   ] owner   [   ] employee   [ X ] independent contractor

            (ii) [ X ] Registration No.:   **6219**

            (iii) [ X ] County:   **Los Angeles**

**BY FAX**

8. [ X ] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [   ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: **8/11/2010**

        **Michelle Pembleton**

    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)